IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN M. DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-306-R |
| | ) | |
| OKLAHOMA HALFWAY HOUSE | ) | |
| (OHH), | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

John Davis was convicted of a weapons charge in the Western District of Oklahoma and sentenced to imprisonment and supervised release.[1] He seeks a writ of habeas corpus to compel modification of his release terms.

Mr. Davis is serving his term of supervised release at the Oklahoma Halfway House. These terms require compliance with the rules adopted by the halfway house.[2] Applying these rules, administrators of the halfway house will not allow Mr. Davis to use his personal vehicle to deliver pizzas.   Mr. Davis is dissatisfied with this refusal and seeks a writ of habeas corpus to order the halfway house to relax its rules to allow use of his car for this purpose. The Court is mindful of Mr. Davis' alleged predicament, but it cannot issue a writ

---

[1]     Judgment in a Criminal Case, *United States v. Davis*, Case No. CR-06-169-M (W.D. Okla. Dec. 20, 2006).

[2]     Untitled Modification of Terms of Supervised Release at p. 1, *United States v. Davis*, Case No. CR-06-169-M (W.D. Okla. Nov. 23, 2011) ("The defendant shall follow all policies and procedures during his stay at the halfway house.").

of habeas corpus to order the halfway house to allow Mr. Davis' use of his personal vehicle to deliver pizzas.[3]  In these circumstances, the request for habeas relief should be denied.

Mr. Davis has the right to object to this report.[4]  To do so, Mr. Davis must file an objection with the Clerk of this Court.  The deadline for objections is April 16, 2012.[5]  The failure to timely object would foreclose appellate review of the suggested ruling.[6]

The referral is discharged.

Entered this 30th day of March, 2012.

Robert E. Bacharach
United States Magistrate Judge

---

[3]     *See Rhodes v. Judiscak*, ___ F.3d ___, 2012 WL 171917, Westlaw op. at 2 (10th Cir. Jan. 23, 2012) (to be published) ("United States Supreme Court precedent . . . clearly prohibits habeas courts — including this court and the district court below — from modifying a supervised release term to make up for a too-long prison sentence." (citations omitted)).

[4]     *See* 28 U.S.C.A. § 636(b)(1) (2011 supp.).

[5]     *See* Fed. R. Civ. P. 6(d); 28 U.S.C. § 636(b)(1) (2011 supp.).

[6]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).